**Obaidullah RAHIMI, Petitioner,**

v.

**Peter D. KEISLER \*, Attorney General, Respondent.**

**No. 04–75147.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 15, 2007.

Filed Sept. 20, 2007.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, District Counsel, Office of the District Chief Counsel, Phoenix, AZ, James E. Grimes, Esq.,

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed R.App. P. 43 c(2).

Mary Jane Candaux, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, SILER **, and McKEOWN, Circuit Judges.

### MEMORANDUM ***

Petitioner Obaidullah Rahimi is a thirty-two year old native and citizen of Afghanistan. He entered the United States as a refugee in 1987, at the age of thirteen. He and his family suffered persecution in Afghanistan because of his father's opposition to the Russian occupation.

In 1997 Rahimi was convicted in California state court for unlawful sexual intercourse with a minor, in violation of California Penal Code section 261.5. He was sentenced to twelve months in jail followed by five years probation. On December 23, 2003, the INS commenced removal proceedings against Rahimi. Rahimi was charged as removable under INA § 237(a)(2)(A)(iii), for committing the aggravated felony of sexual abuse of a minor and INA § 237(a)(2)(E)(i), for conviction of an offense of child abuse. An immigration judge ("IJ") found Rahimi removable and ordered him removed to Iran, or Afghanistan in the alternative. Rahimi applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

The IJ found Rahimi ineligible for asylum because of Rahimi's conviction for an aggravated felony. However, the IJ granted Rahimi's request for withholding of removal because the Government failed to rebut Rahimi's presumption of future persecution by showing changed country conditions in Afghanistan. The IJ specified that the order granting withholding of removal served to prevent Rahimi from being removed only to Afghanistan. The IJ then ordered Rahimi removed to Iran. The Board of Immigration Appeals ("BIA") reversed the IJ's order granting Rahimi withholding of removal and ordered Rahimi removed to Afghanistan because Rahimi "did not demonstrate that it was more likely than not that his life or freedom would be harmed on account of a protected ground in light of the fundamental changed country conditions in Afghanistan." Rahimi seeks review of the BIA's decision.

We review the BIA's factual findings for substantial evidence; questions of law are reviewed *de novo*. *See Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir.2001). We have jurisdiction to determine whether we have jurisdiction over this petition for removal. *See United States v. Ruiz*, 536 U.S. 622, 628, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002). For the reasons set forth below, we remand this case to the BIA.

As an initial matter, the Government contends that we lack jurisdiction to review Rahimi's appeal. We disagree. Pursuant to the REAL ID Act of 2005, Pub. L. No. 109–13, 119 Stat. 231, appellate courts retain jurisdiction to review constitutional claims and questions of law regardless of the underlying offense. *See* 8 U.S.C. § 1252(a)(2)(D). In *Ramadan v. Gonzales*, 479 F.3d 646 (9th Cir.2007) (per curiam), we analyzed the breadth of "question of law" and held that Congress intended the term as used in 8 U.S.C. § 1252(a)(2)(D) to include mixed questions of law and fact. *Id.* at 654 (concluding that "the phrase 'questions of law' as it is

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

used in section 106 of the Real ID Act includes review of the application of statutes and regulations to undisputed historical facts" (footnote omitted)). Where the relevant facts are undisputed, creating a mixed question of law and fact, jurisdiction is proper under our reasoning in *Ramadan*. The question, then, becomes whether Rahimi has raised a constitutional claim, a question of law, or a mixed question of law and fact sufficient to invoke appellate jurisdiction under 8 U.S.C. § 1252(a)(2)(D).

■ In this case, the BIA stated, "[t]he question of what constitutes a 'fundamental change in circumstances' is a legal question." The BIA did not reject or even question the IJ's "findings of fact" with respect to the country conditions in Afghanistan. Rather, the BIA disagreed with the IJ as to *how much weight* should be given to these different facts. The relevant "facts" pertaining to the "changed circumstances" analysis in this case are not in dispute, the applicable law is undisputed, and the only question is whether the facts satisfy the legal rule. Consequently, this case involves a mixed question of law and fact to be reviewed *de novo*. *See, e.g., Pullman–Standard v. Swint*, 456 U.S. 273, 289 n. 19, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982); *see also In re Bammer*, 131 F.3d 788, 792 (9th Cir.1997). Because Rahimi's claim involves a mixed question of law and fact that should be construed as a question of law, *see Ramadan*, 479 F.3d at 654, and because we have jurisdiction to review questions of law, *see* 8 U.S.C. § 1252(a)(2)(D), we have jurisdiction to review Rahimi's appeal.

■ The BIA applied *de novo* review to the IJ's "findings of fact" with respect to changed country conditions in Afghanistan. Because the question of what constitutes changed country conditions is a question of law, and section 1003.1(d)(3) of the BIA's own regulations states that the BIA "may

review questions of law ... *de novo*," 8 C.F.R. § 1003.1(d)(3)(ii), the BIA did not err in applying *de novo* review.

■ Although the BIA applied the proper standard of review, we remand the case to the BIA with instructions that it conduct "an individualized analysis of how changed country conditions will affect [Rahimi's] situation." *Borja v. INS*, 175 F.3d 732, 738 (9th Cir.1999) (noting that the BIA may not rely on information about general changes in the country, rather, it must consider those changes in light of the petitioner's particular characteristics); *see also Rios v. Ashcroft*, 287 F.3d 895, 901 (9th Cir.2002); *Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir.2003) (requiring the BIA to "rationally construe[ ]" information contained in the country report in light of the petitioner's situation).

After reweighing the facts pertaining to the country conditions in Afghanistan, the BIA concluded:

> The record before the Immigration Judge indicates that the respondent has not resided in Afghanistan for over 16 years, and that while there are unstable regions in that country, there is great progress being made towards the establishment of a stable democracy. Accordingly, we find that the respondent did not prove it was more likely than not that his life or freedom would be harmed on account of a protected ground....

This conclusory determination is not sufficiently individualized. *See Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir.2004) ("[O]ur precedent establishes that ... the BIA must provide an individualized analysis of how changed conditions will affect the specific petitioner's situation." (quotation marks and citation omitted)). The BIA should analyze on remand whether the Government met its burden of rebutting the presumption of future persecution

on the basis of Rahimi's claim, *see* 8 C.F.R. § 1208.16(b)(1)(i), and how the changed country conditions might impact that original claim.

Petition for review GRANTED and RE-MANDED.[1]

---

1. In addition to asserting that he will suffer future persecution in Afghanistan based on his father's opposition to the Russian occupation, Rahimi fears persecution based on his Tajik ethnicity, his status as a returned refugee from a developed country, and his association with the United States. The IJ found support for Rahimi's fear in the record. Because the BIA did not consider these claims, we remand them to the BIA for its consideration in the first instance. *See Gonzales v. Thomas,* 547 U.S. 183, 186, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006); *INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).